**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JACKSON ROE                                                                                           PLAINTIFF

v.                                          Case No. 4:23-cv-01056-LPR

JAMES FRENCH HILL                                                                              DEFENDANT

## ORDER

In October 2023, Plaintiff Jackson Roe initiated suit against Congressman French Hill in Faulkner County District Court (also known as small claims court).[1] In that suit, Mr. Roe alleged that, due to Congressman Hill's involvement with enacting international sanctions, Mr. Roe has been unable to send money to friends.[2] Mr. Roe sought $4,500, alleging the sanctions violate international law.[3] Congressman Hill timely removed the case to this Court under 28 U.S.C. § 1442(a), and he then moved to dismiss Mr. Roe's Complaint.[4] Mr. Roe has not responded, and the motion is ripe for decision. For the reasons stated below, Congressman Hill's Motion to Dismiss (Doc. 5) is GRANTED.

Congressman Hill's Motion to Dismiss is meritorious for a number of reasons, not least of which is Mr. Roe's conclusory pleading. While a *pro se* litigant's complaint must be construed

---

[1] *See Roe v. Hill*, CWSC-23-82 (Faulkner County District Court) (Docket Sheet).

[2] Compl. (Doc. 2) at 3. In its entirety, Mr. Roe's argument reads:

> I am unable to send money to friends due to international sanctions the defendant helped to put in place. I can prove in court that these sanctions violate Geneva Convention Article 33 on collective punishment. The defendant would usually have immunity, however as this sanctions package potentially violates international law, immunity may not be granted.

[3] *Id*.

[4] Notice of Removal (Doc. 1); Mot. to Dismiss (Doc. 5); *see* 28 U.S.C. § 1442(a)(1) (providing for removal of claims brought in state court against "any officer . . . of the United States . . . , in an official or individual capacity, for or relating to any act under color of such office . . ."); *id*. § 1442(a)(4) (providing for removal of claims against "[a]ny officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House").

liberally,[5] it must, nonetheless, "allege sufficient facts to support the claims advanced."[6] Mr. Roe's Complaint fails to meet this burden in every way. Mr. Roe does not allege any specific facts showing how Congressman Hill caused Mr. Roe's purported injury. Nor does Mr. Roe explain why he seeks a $4,500 sum.[7] Mr. Roe's Complaint is dismissed for these pleading deficiencies alone.[8]

Graciously, Congressman Hill tries to help Mr. Roe and this Court by deducing the origin and scope of Mr. Roe's claims. Because Mr. Roe indicates that his claims arose on June 17, 2020,[9] Congressman Hill surmises that Mr. Roe takes issue with "economic sanctions that the Executive Branch imposed" on that date.[10] Congressman Hill explains that he co-sponsored and voted for the Caesar Syria Civilian Protection Act of 2019,[11] which later led the United States Treasury to sanction certain entities on June 17, 2020, who were then actively supporting Syrian President Bashar al-Assad.[12]

The Court appreciates Congressman Hill's thoroughness. But a defendant must not be required to guess as to the federal claims against him. Assuming Congressman Hill is correct in his assessment of the claims, Mr. Roe's Complaint would be dismissed because Congressman Hill is absolutely immune from suit for actions taken in his official capacity as a member of the United

---

[5] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[6] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[7] *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[9] Compl. (Doc. 2) at 2.

[10] Br. in Supp. of Mot. to Dismiss (Doc. 6) at 8. This pagination refers to the ECF filing stamp page numbers at the top of each page of the brief.

[11] *Id*. at 9.

[12] *Id*. at 8–9.

States House of Representatives.[13]

In light of the foregoing, Congressman Hill's Motion to Dismiss is granted. Mr. Roe's Complaint is dismissed without prejudice.

IT IS SO ORDERED this 9th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[13] *See* U.S. Const. art. I, § 6, cl. 1; *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975).